IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR C. SHANKLE and BILLIE SHANKLE, | ) <br> ) <br> )   2:04cv1885 |
| Plaintiffs, | ) |
| v. | ) <br> ) |
| SUSAN U. BELL, DONALD T. CARNAHAN, ROBERT L. PODVOREC and MANDY PODVOREC, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition is a MOTION FOR SUMMARY JUDGMENT BY BELL, CARNAHAN AND ROBERT PODVOREC, with brief in support (*Document Nos. 36, 38*), Plaintiffs' BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (*Document No. 41*) and a STATEMENT OF FACTS NOT IN DISPUTE and PLAINTIFFS' COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS NOT IN DISPUTE *(Document Nos. 37, 42)* and supporting exhibits. The motion will be granted in part and denied in part.

Background

Plaintiff Omar Shankle is a Trooper with the Pennsylvania State Police. His wife, Billie Shankle, is also a plaintiff. On April 3, 2004, troopers in the Kittanning Patrol Unit held a party to celebrate Shankle's transfer to the Vice Unit. The party was held in an upstairs room of a local restaurant and the entertainment consisted of two exotic dancers. One of the activities at the party was a "whipped cream race," in which Shankle and others licked whipped cream off the naked torso of one of the dancers. Various persons, including girlfriends of officers attending the

party, were downstairs at the restaurant during the party. At one point between acts, Omar Shankle had invited Donna Hafer, one of the girlfriends present at the restaurant, upstairs. Hafer attempted to enter the party at least one other time. The next day, Hafer called Defendant Mandy Podvorec and described certain events at the party. Mandy Podvorec relayed this information to her husband, Defendant Robert Podvorec, who was a corporal with the Pennsylvania State Police. Robert Podvorec works in the same barracks as Omar Shankle, but did not attend the party. Robert Podvorec was told that at the party, there had been oral sex between troopers and the exotic dancers, and that money had been exchanged.[1] Based on the information he received, Robert Podvorec believed that a serious violation of the field regulations, and perhaps a crime, had occurred. Podvorec reported the information to his station commander, Lieutenant DeBovi, who in turn reported the information to Defendant Susan Bell, who was a captain in charge of the Kittanning Barracks of the Pennsylvania State Police. In May 2004, Shankle received a letter reassigning him to patrol duty and informing him that he would not be joining the Vice Unit.[2] Captain Bell explained that this decision was within her managerial discretion and was based on her conclusion that Shankle's demeanor and interpersonal interactions made him unfit for the Vice Unit.

An internal investigation was initiated. Defendant Donald T. Carnahan served as the internal affairs department investigator. Plaintiff has agreed to withdraw all claims against Carnahan and to release him from this lawsuit. Billie Shankle was deeply upset about the investigation of her husband and wrote an anonymous letter to Commissioner Jeffrey Miller of

---

[1] The parties dispute whether or not Hafer told Mandy Podvorec this information.

[2] The Court could not locate this letter among the exhibits submitted by the parties.

the Pennsylvania State Police, complaining about supervisors and seeking an outside investigation.[3] Billie Shankle does not work for the Pennsylvania State Police, did not attend the party and has no first-hand knowledge of any statements made by Robert Podvorec. During the investigation, Omar Shankle revealed that his wife had written the anonymous letter. Omar Shankle received a Disciplinary Action Report for conduct unbecoming an officer and disloyalty to the department. Employment punishment is the job of the department disciplinary officer, Captain Titler, who suspended Shankle for three days.

## Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the

---

[3]Miller was originally named as a defendant in this action.

evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

Discussion

For purposes of this motion, there appear to be three claims at issue.[4] Omar and Billie Shankle both assert a defamation claim against Robert Podvorec. Omar Shankle asserts a Section 1983 claim against Bell alleging that his First Amendment rights were violated when he was punished for attending the party. Billie Shankle asserts a distinct Section 1983 First Amendment claim, alleging retaliation for the letter she sent to Commissioner Miller. Defendants have generally raised numerous defenses, including the Eleventh Amendment, sovereign immunity, qualified immunity[5] and standing, in addition to contesting the substantive merit of Omar Shankle's First Amendment claim. The Court will address each claim seriatim.

       1.       Defamation Claim vs. Robert Podvorec

To state a claim for defamation, a plaintiff must establish: (1) the defamatory character of the communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the understanding by the recipient of its defamatory meaning, (5) the understanding by the recipient of it as intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff from its publication, and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343(a); *Moore*

---

[4]The Complaint is not a model of clarity and does not identify any specific counts. Mandy Podvorec has not filed a motion for summary judgment and thus the Court will not discuss the claim(s) asserted against her.

[5]Defendants have not applied these immunity defenses to the specific claims being asserted in this action.

*v. Cobb-Nettleton*, 889 A.2d 1262, 1267 (Pa. Super. 2005). A "conditional privilege" arises when a recognized interest of the public is involved. *Id.* at 1268. A communication made upon a proper occasion, from a proper motive, in a proper manner, and based on reasonable cause is privileged. *Id.* Defendant must demonstrate the privileged nature of a report but plaintiff must demonstrate that the privilege was abused. *Id.*

In *Moore*, the Court granted a social worker's motion for summary judgment. The social worker had authored a report to a foster home investigating charges of improper contact by the father of a retarded woman. The foster home forwarded the report to the state government, which then opened an investigation. The Court concluded that the report was privileged, noted that a recognized public interest was involved and granted summary judgment on the defamation claim.

The record in this case is similar. Robert Podvorec learned from a source that he considered to be trustworthy that fellow troopers had engaged in questionable conduct. Podvorec related this information to his superior officer. There is no evidence that Robert Podvorec contacted anyone else, including the press. There is no admissible evidence from which a reasonable fact-finder could conclude that Robert Podvorec was animated by an improper motive.[6] As a police officer, he became aware of allegations that Shankle and others had engaged in conduct unbecoming to officers and/or criminal behavior which he reported to his superior officer. This is the well within the boundaries of the conditional privilege. As in

---

[6] Billie Shankle testified that she has no first-hand knowledge of any statements made by Robert Podvorec. Plaintiffs' unsupported subjective beliefs are not sufficient to avoid summary judgment. *See Sporn v. Ocean Colony Condo. Ass'n*, 173 F.Supp.2d 244, 251 (D.N.J. 2001) (rejecting testimony of subjective beliefs to show retaliatory motive). There is no evidence of any defamatory communication relating to Billie Shankle.

*Moore*, there is a recognized public interest in having police officers report possibly criminal behavior, particularly when that conduct involves other law enforcement officers. Accordingly, Plaintiffs cannot make out a defamation claim against Robert Podvorec.[7] Summary judgment will be entered in favor of Robert Podvorec and against Omar and Billie Shankle on the defamation claim.

### 2.     First Amendment Retaliation - Attending Party

Omar Shankle contends that Defendant Bell retaliated against him for attending the party, an activity that he believes is protected under the First Amendment. To establish a First Amendment Retaliation claim, a plaintiff must prove: (1) that he engaged in an activity protected by the First Amendment; (2) that the government retaliated; and (3) causation. *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997). The Court concludes that Shankle cannot satisfy the first step of the analysis because he did not engage in any protected activity.

Government employees do not give up the First Amendment right to speak out on public issues. *Pickering v. Board of Ed. Of Township High School Dist. 205, Will Cty.*, 391 U.S. 563 (1968). On the other hand, governments have a legitimate interest in the proper, efficient performance of public services. *Id.* at 568. The *Pickering* Court adopted a balancing test to resolve these competing concerns. However, a precursor to engaging in such balancing is the

---

[7]Plaintiffs' complaint indicated that they were also pursuing these allegations under the rubric of civil conspiracy and false light misrepresentation. However, in his deposition, Omar Shankle testified that the only remaining claims were First Amendment and defamation. Defendants are entitled to rely on this representation. *See, e.g., Young v. City of Hackensack*, 178 Fed. Appx. 169, 171 n.1 (3d Cir. 2006) (per curiam) (recognizing that plaintiff dismissed claims during deposition).

question of whether the employee's "speech" was a matter of public concern. *Connick v. Myers*, 461 U.S. 138 (1983). When matters of public concern are not at stake, public employers enjoy a wide latitude to manage their offices without intrusive insight by the federal judiciary. *Swineford v. Snyder County*, 15 F.3d 1258, 1270 (3d Cir. 1994).

In *City of San Diego v. Roe*, 543 U.S. 77 (2004), the Supreme Court determined that off-duty, sex-related conduct by a police officer clearly failed to satisfy this threshold issue. The Court explained that the officer's activities did nothing to inform the public about the functioning or operation of the police department and thus were not matters of public concern entitled to protection under the First Amendment. The Court had "no difficulty" concluding that Roe could be terminated as the "speech" in which Roe engaged was personal and was detrimental to the mission and function of the department.

The analysis in *Roe* is applicable to Omar Shankle's "speech" as well. The "speech" that Shankle alleges is protected under the First Amendment is attending a private party at which exotic dancers performed. Shankle's presence as a spectator clearly does not inform the public about matters of public concern. Thus, Shankle is not entitled to protection under the First Amendment and the *Pickering* balancing test is not triggered. As with *Roe*, the question of whether Shankle's conduct was a matter of public concern is not a close call.[8] Bell had the

---

[8]Because the Court concludes that plaintiffs have failed to establish a First Amendment claim premised upon attendance at the party, the Court does not reach the defenses asserted by defendants. However, the Court notes that even if a reviewing court determines that Shankle was entitled to First Amendment protection, the contours of that right were not clear enough at the time of the incident to deprive defendants of qualified immunity. *Compare Pro v. Donotucci*, 81 F.3d 1283 (3d Cir. 1996) (denying summary judgment where supervisor allegedly terminated subordinate for testifying as adverse witness in his divorce). The Court further notes that Plaintiffs did not contest the portion of the motion for summary judgment relating to Omar Shankle's three-day suspension.

latitude to deem Shankle's behavior to be conduct unbecoming an officer even if that conduct did not rise to a criminal offense. *Coon v. Civil Service Comm'n for Allegheny County Police & Firemen*, 654 A.2d 241 (Pa. Commw. 1995). Accordingly, summary judgment will be granted in favor of Susan Bell and against Omar Shankle on the First Amendment Retaliation claim relating to his attendance at the party.

### 3.    First Amendment Retaliation - Letter to Commissioner

Billie Shankle asserts a distinct and separate First Amendment Retaliation claim against Defendant Bell. Summary judgment will not be granted on this claim. As an initial matter, the Court finds that Billie Shankle does have standing. Mrs. Shankle wrote a letter to Commissioner Miller complaining about the investigation of the incident. Omar Shankle did not participate in sending the letter. Billie Shankle asserts that Defendant Bell removed her husband from the Vice Unit position in retaliation for her exercise of a protected First Amendment right to petition the government. In *Kenrich Petrochemicals, Inc. v. National Labor Relations Board*, 907 F.2d 400, 402 (3d Cir. 1990), the Third Circuit recognized in the employment context that retaliation against a family member is an ancient method of revenge used to chill protected rights. Billie Shankle's position in this case is analogous. Thus, the Court concludes that Billie Shankle has established a particularized injury sufficient to confer standing.

Defendants do not address the merits of Plaintiffs' argument on this theory and have not met their burden to produce an evidentiary record sufficient to demonstrate that summary judgment is appropriate. Defendants' analysis under the First Amendment is limited to Omar Shankle's attendance at the party. Defendants do not contest that Billie Shankle has satisfied the

elements of a retaliation claim but merely contend that Billie Shankle lacked standing, an argument the Court rejects for the reasons set forth above.

After reviewing the evidence submitted by the parties, the Court concludes that the record, when viewed in the light most favorable to the non-moving party, would enable a reasonable fact-finder to find in favor of Billie Shankle. The elements of a First Amendment Retaliation claim are met. She sent the letter as a private citizen, and was not a governmental employee. The letter addresses matters of public concern, i.e., the management and conduct of the police at the Kittanning barracks. *See, e.g., Pomykacz v. Borough of West Wildwood*, 438 F. Supp.2d 504, 512-13 (D.N.J. 2006) (complaints about police behavior are matters of public concern). The retaliation and causation elements are clearly satisfied – indeed, the Disciplinary Action Report expressly states that the anonymous letter demonstrated Omar Shankle's lack of loyalty to the department. Defendant Bell has not met her burden to establish that she would have taken the same action without the protected conduct. Bell testified that she reassigned Shankle pursuant to her managerial authority due to his attitude and interactions with others, but a fact-finder could find that reason to be pretextual. At this stage, the Court must draw all inferences in the light most favorable to the non-moving party.

Defendant Bell is not entitled to immunity under the Eleventh Amendment. While the Eleventh Amendment immunizes state officials acting in their official capacities from suits for money damages, plaintiffs may sue state officials in their individual capacities under Section 1983. *Hafer v. Melo*, 502 U.S. 21 (1991). Although Plaintiffs have not clearly specified whether they are suing Bell in her official or individual capacity, the Court will presume she is being sued in her individual capacity. Defendants have not attempted to apply the doctrine of qualified

immunity to the First Amendment Retaliation claim regarding the letter.  In any event, the record here appears to be analogous to that in *Springer v. Henry*, 435 F.3d 268 (3d Cir. 2006) (rejecting claim of qualified immunity in case involving retaliation for memorandum regarding conditions at facility) and *Pomykacz*.  Thus, summary judgment will not be granted to Susan Bell on Billie Shankle's First Amendment Retaliation claim relating to the letter she sent to Commissioner Miller.

Conclusion

For the reasons set forth above, the MOTION FOR SUMMARY JUDGMENT BY BELL, CARNAHAN AND ROBERT PODVOREC (*Document No. 36*), will be GRANTED IN PART and DENIED IN PART.  The claims remaining in this case are: (1) Billie Shankle's Section 1983 claim against Bell for First Amendment Retaliation for the letter she sent to Commissioner Miller; and (2) Plaintiffs' claim(s) against Mandy Podvorec, on which summary judgment was not sought.  Defendants Robert L. Podvorec and Donald T. Carnahan are entitled to summary judgment on all claims and will be removed as parties.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR C. SHANKLE and BILLIE SHANKLE, | ) ) ) |
| Plaintiffs, | ) )  2:04cv1885 ) |
| v. | ) ) |
| SUSAN U. BELL, DONALD T. CARNAHAN, ROBERT L. PODVOREC and MANDY PODVOREC, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER OF COURT

AND NOW, this 27th day of September, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the Defendant's MOTION FOR SUMMARY JUDGMENT *(Document No. 36)* is **GRANTED IN PART and DENIED IN PART**. Summary judgment is **GRANTED** in favor of Robert L. Podvorec and against Omar and Billie Shankle on the defamation claim. Summary judgment is **GRANTED** in favor of Susan Bell and against Omar Shankle on the First Amendment Retaliation claim relating to his attendance at the party. Summary judgment is **DENIED** as to Billie Shankle's First Amendment Retaliation claim against Susan Bell.

The claims remaining in this case are: (1) Billie Shankle's Section 1983 claim against Bell for First Amendment Retaliation for the letter she sent to Commissioner Miller; and (2) Plaintiffs' claim(s) against Mandy Podvorec. Robert L. Podvorec and Donald T. Carnahan are dismissed as parties.

Plaintiffs shall file a Pretrial Narrative Statement on or before **October 27, 2006**, and Defendants shall file a Pretrial Narrative Statement on or before **November 27, 2006**.

The caption of this action is hereby amended to reflect the deletion of Robert L. Podvorec and Donald T. Carnahan and shall hereafter read as follows:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR C. SHANKLE and BILLIE SHANKLE,** | ) | |
| | ) | |
| | ) | 2:04cv1885 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| **SUSAN U. BELL and MANDY PODVOREC,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Don Bailey, Esquire
       Email: dbailey@bsolaw.com

COUNSEL FOR:   SUSAN U. BELL, DONALD T. CARNAHAN,
                         ROBERT L. PODVOREC,
       Craig E. Maravich, Esquire
       Email: cmaravich@attorneygeneral.gov
       Susan J. Forney, Esquire
       Email: sforney@attorneygeneral.gov

COUNSEL FOR:  MANDY PODVOREC
       Samuel M. DiFatta, Esquire
       Email: smmld@verizon.net