IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR C. SHANKLE and BILLIE SHANKLE, | ) )  ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| SUSAN U. BELL, DONALD T. CARNAHAN, ROBERT L. PODVOREC and MANDY PODVOREC, | |
| Defendants. | |

2:04cv1885

### MEMORANDUM ORDER

Before the Court for consideration and disposition is Plaintiff Omar C. Shankle's MOTION TO VACATE AND RECONSIDER (*Document No. 48*).[1]  The motion will be denied.

### Background

This lawsuit arose from a party held by state troopers to celebrate Omar Shankle's transfer to the vice squad at which the entertainment consisted of two exotic dancers. On September 27, 2006, the Court issued a memorandum opinion and order which granted in part and denied in part motions for summary judgment filed by Defendants.  The Court concluded that Plaintiff, Billie Shankle, could maintain a First Amendment claim against Defendant Susan Bell.  The Court concluded, however, that Omar Shankle did not have a valid First Amendment claim because he had not engaged in any activity which is protected by the First Amendment. The Court noted that the defamation claims of both Plaintiffs against Mandy Podvorec could proceed because she had not filed a summary judgment motion.

---

[1]Due to counsel's docketing oversight, Document No. 47 also appears to be a Motion to Reconsider.  In reality, Document No. 47 is a brief in support of the motion at Docket No. 48.

On October 6, 2006, Omar Shankle filed a motion to vacate and reconsider. Shankle asks the Court to reverse its conclusion regarding his ability to assert a First Amendment claim. Shankle also argues in his brief, for the first time, that he has a claim against Bell under the Fourteenth Amendment. There are no citations to any legal authority in support of his position in Shankle's brief. Although Defendants were instructed to file a response to the motion for reconsideration by October 20, 2006, no response has been filed to date. The motion to vacate and reconsider will be denied.

Discussion

Motions for "reconsideration" are not expressly authorized by the Federal Rules of Civil Procedure. The most analogous motion is a motion to alter or amend judgment pursuant to Rule 59(e). Generally speaking, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). A motion for reconsideration is not appropriate to reargue matters that the Court has already rejected. *Seawright v. Carroll*, 2004 WL 396310 (D. Del. 2004).

Shankle's motion is without merit. For the reasons set forth at greater length in the Court's earlier opinion, Omar Shankle simply did not engage in protected conduct and thus cannot establish a valid First Amendment claim. Attendance at a private party at which exotic dancers performed clearly does not constitute speech about matters of public concern. Billie Shankle's First Amendment claim, by contrast, rests upon the protected activity of writing a letter

to the commissioner of the state police. As the Court noted, this was not a close case as to Omar Shankle. Plaintiffs have failed to point to any intervening change in law, new evidence, clear error or manifest injustice.

Shankle's newly articulated theory based on the Fourteenth Amendment will also be rejected. A review of the Complaint and all prior pleadings reveals that Plaintiffs never asserted a Fourteenth Amendment claim prior to the Court's ruling. Indeed, the Motion to Reconsider makes no specific reference to a Fourteenth Amendment claim. Therefore, any such claim under the Fourteenth Amendment has been waived. *See Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) (litigants must frame the issues before the trial court rules and may not switch to a new theory thereafter "like a bee in search of honey").

### ORDER OF COURT

AND NOW, this 24th day of October, 2006, for the reasons hereinabove set forth, it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff Omar C. Shankle's MOTION TO VACATE AND RECONSIDER (*Document No. 48*) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Don Bailey, Esquire
Email: dbailey@bsolaw.com

Craig E. Maravich, Esquire
Email: cmaravich@attorneygeneral.gov
Susan J. Forney, Esquire
Email: sforney@attorneygeneral.gov

Samuel M. DiFatta, Esquire
Email: smmld@verizon.net