**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OMAR C. SHANKLE and BILLIE SHANKLE,** ) | |
| ) | |
| ) | **2:04cv1885** |
| **Plaintiffs,** ) | |
| **v.** ) | |
| ) | |
| **SUSAN U. BELL and MANDY PODVOREC,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**MEMORANDUM ORDER**</u>

Before the Court for consideration and disposition is PLAINTIFF'S MOTION FOR

ATTORNEY FEES AND COSTS, with brief in support and supporting exhibits (*Document Nos.*

*72, 73*).  The only remaining Defendant, Susan Bell, has filed objections and a BRIEF IN

SUPPORT OF DEFENDANT BELL'S OBJECTIONS TO PLAINTIFF'S MOTION FOR

ATTORNEY FEES AND COSTS (*Document No. 75*) and Plaintiff has filed a Reply Brief

*(Document No. 76)*.  On June 20, 2007, the Court granted Plaintiff's MOTION TO

SUPPLEMENT PLAINTIFF'S MOTION FOR ATTORNEY FEES (*Document No. 77*).  The

motion for fees and costs is ripe for resolution and will be granted in part and denied in part.

<u>Background</u>

This case stemmed from a party held by state troopers to celebrate Omar Shankle's

transfer to the Vice Unit.  The party was held in an upstairs room of a local restaurant and the

entertainment consisted of two exotic dancers.  Robert Podvorec learned about certain activities

at the party from his wife Mandy and reported the information through the chain of command to

Defendant Susan Bell, who was a captain in charge of the Kittanning Barracks of the

Pennsylvania State Police.  Omar Shankle was informed that he would not be joining the Vice

Unit.  Billie Shankle was deeply upset about the investigation of her husband and wrote an anonymous letter to Commissioner Jeffrey Miller of the Pennsylvania State Police.  After finding out that Billie Shankle wrote the letter, Bell suspended Omar Shankle for three days.

The complaint asserted multiple claims by both Omar and Billie Shankle against Miller, Bell, Robert Podvorec and Mandy Podvorec.  The Court noted that the complaint "was not a model of clarity" and did not identify specific counts.  The only claim on which Plaintiffs prevailed was Billie Shankle's claim that Defendant Bell retaliated against her for exercising her First Amendment rights.  The arbitration panel awarded $1,000.00 in damages.[1]  Plaintiffs voluntarily dismissed their claims against Miller and summary judgment was granted to defendants on the remaining claims.

<u>Standard of Review</u>

Plaintiffs' brief accurately recites the applicable principles to be considered in a petition for counsel fees and costs by a prevailing party.  Determining an attorney's fee award is within the sound discretion of the district court.  *P.N. v. Clementon Board of Education*, 442 F.3d 848, 852 (3d Cir. 2006).  In order to be a "prevailing party" and thus entitled to counsel fees, one must be successful in having been awarded some relief that materially alters the legal relationship of the parties.  *Id.* at 855.  A two-prong test is often applied:  (1) whether the party succeeded on a significant issue during the litigation; and (2) whether the party achieved a benefit sought.  *Id.*  The resolution of the matter must modify the defendant's behavior in a way that directly benefits plaintiff.  *Id.*  There is a distinction between *eligibility* for an award of attorney's fees and the

_____

[1]Plaintiffs settled their claim against Mandy Podvorec.

2

*amount* of fees that should be awarded.  *Id.*   The party seeking fees has the initial burden to prove that the request is reasonable.  The party opposing fees then has the burden to raise sufficiently specific objections.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

<u>Discussion</u>

Plaintiffs seek, in essence, all of the counsel fees and costs that were incurred during the course of this litigation.  Specifically, Plaintiffs ask for counsel fees by attorney Bailey in the amount of $21,675.00, counsel fees by attorney Coover in the amount of $3,261.50, and costs of $2,743.60, for a total of $27,680.10.  Plaintiffs have provided detailed summaries in support of their motion.

Defendant Bell has raised detailed and specific objections to many of the line items claimed by Plaintiffs.  They fall into four categories:  (1) that Plaintiffs should not be awarded counsel fees related to claims on which they did not prevail; (2) that fees should not be awarded for attorney Bailey's duplicative presence at the arbitration hearing; (3) that the lodestar should be reduced by 10% because a state governmental body will be paying; and (4) several expenses are either excessive, vague or redundant.  The Court will address each of these objections seriatim.

1.     Claims on Which Plaintiffs Did Not Prevail

Bell's objection as to fees and costs related to issues on which Plaintiffs did not prevail is well-taken, with one caveat.  As noted above, the complaint asserted multiple claims in a confusing manner on behalf of both plaintiffs against multiple defendants.  Plaintiffs prevailed very narrowly, on only a single claim and were awarded $1,000.00.  The claim on which Billie

Shankle prevailed was important, in that it reinforced the principle that public employers cannot retaliate for the exercise of First Amendment rights.  However, as Defendant points out, the First Amendment retaliation claim was factually and legally distinct from the plethora of other claims which the Court found to be without merit.  It would not be appropriate to require Defendant Bell to pay Plaintiff's fees and costs related to such claims.

The caveat involves the fees and costs related to the deposition of Omar Shankle.  The Court agrees with Plaintiffs that some portion of this deposition had a relationship to the First Amendment retaliation claim, since Bell retaliated by suspending Omar Shankle.  Accordingly, the Court will award 50% of the counsel fees and costs related to Omar Shankle's deposition.

### 2.    Attorney Bailey's Attendance at the Arbitration

Plaintiffs seek fees for fourteen hours related to Bailey's attendance at the arbitration hearing.  Defendant objects that this claim is excessive because Bailey announced to the panel that he was "going to butt out" and attorney Coover conducted all of the witness examinations and cross-examinations.  Defendant concedes that Plaintiffs may recover one hour of Bailey's time, as he delivered the closing argument.  Defendant's objection is meritorious.  In *Lanni v. New Jersey*, 259 F.3d 146, 151 (3d Cir. 2001), the Court of Appeals explained that it was "clearly permissible" for the district court to find that the presence of two partners was excessive and unreasonable, even though the case was unusually challenging and novel.  The trial in this case, by contrast, was relatively straightforward and discrete, involving only one count before an arbitration panel.  Moreover, it is clear that attorney Coover actually conducted the entire hearing.  Much of the time claimed by Bailey was spent simply traveling to and from the

4

proceeding.  Accordingly, the Court finds that Bailey's attendance was duplicative, wasteful and will not be charged to Defendant, other than the one hour to which Defendant does not object.


>        3.       Reduction of the Lodestar

Plaintiffs submit that Bailey's time should be calculated at $300 per hour and that Coover's reasonable hourly rate is $150 per hour.  Defendant does not directly challenge these hourly rates.  Instead, Defendant requests a ten percent discount on the basis that the fee award will be paid by a public entity.  The Court is not persuaded that such a blanket discount for the Commonwealth is wise or necessary.  The Commonwealth of Pennsylvania is presumably better able to afford the award than most litigants and has introduced no evidence of financial distress. Moreover, any reduction in the award would also reduce the Commonwealth's incentive to ensure that similar retaliatory conduct does not occur in the future.

The only case cited by Defendant is non-binding and distinguishable.  In *Barrett v. West Chester Univ.*, 2006 WL 859714 (E.D. Pa. 2006), the defendant was a small school, albeit public, and there was a specific concern about the financial impact of the award on other students.  The Court has closely scrutinized Plaintiffs' motion to ensure that taxpayers will reimburse Plaintiffs for only those fees and costs that are related to the claim on which they prevailed.   The Court will apply a lodestar rate of $300 per hour for Bailey and $150 per hour for Coover.


>        4.       Miscellaneous Objections

Bell objects to several other line items listed in Plaintiffs' petition.  Plaintiffs seek expenses for 3020 copies, yet introduced only 9 exhibits, totalling 31 pages, at the hearing.   In

their reply brief, Plaintiffs argued that they made copies throughout the litigation, but provided

no further specifics.  The Court finds that Plaintiffs have not met their burden to prove that any

copies beyond six sets of the trial exhibits were reasonable and necessary and those copying costs

will not be awarded.  Bell objects to postage of $124.50.  Again, Plaintiffs failed to provide

greater specificity and this item will not be awarded.  Finally, Defendant objects to $22.00 in

turnpike tolls.  Plaintiffs did not respond and the Court will not award this amount.  *See*

*Gulfstream III Assoc. v. Gulfstream Aerospace Corp.*, 789 F. Supp. 1288 (D.N.J. 1992) ("each

entry will be deducted from the award in its entirety, because plaintiff has not even attempted,

after being put on notice of the issue by Cessna's opposition to the application, to meet its burden

to identify which portion of the mixed entry represents compensable work").


Summarization of Counsel Fees and Costs Awarded

Plaintiffs submitted a claim for Bailey's counsel fees in the amount of $21,675.00.  After

applying the meritorious objections discussed above, the amount of Bailey's counsel fees is

reduced to $16,650.00.  There is no reduction to the claim for Coover's counsel fees, which will

remain at $3,261.50.  The compensable costs are reduced from Plaintiffs' claim of $2,743.60,

based on Defendant's objections, to an award of $1,730.85.  The total counsel fees and costs to be

awarded to Plaintiffs is $21,642.35.

Defendant does not ask for a further reduction of this amount on the basis that the award

vastly exceeds the Plaintiffs' limited success on the merits.  Any such argument would be

unavailing, in any event.  In *Eichenlaub v. Township of Indiana*, 214 Fed. Appx. 218, 223 (3d

Cir. 2007) (unpublished), the Court of Appeals explained: "In civil rights cases, however, the

District Court may not reduce a fee award simply because it exceeds the damages award."

(citations omitted).


<u>Conclusion</u>

AND NOW, in accordance with the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED** that the PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS (*Document No. 72)* is **GRANTED IN PART and DENIED IN PART**.  Plaintiffs are awarded counsel fees and costs in the total amount of $21,642.35.

SO ORDERED this 27th day of June, 2007.


BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:
COUNSEL FOR PLAINTIFFS
    Don Bailey, Esquire
    Email: dbailey@bsolaw.com

    Sheri Coover, Esquire
    Email: shericoover@yahoo.com


COUNSEL FOR SUSAN U. BELL
    Susan J. Forney, Esquire
    Email: sforney@attorneygeneral.gov

    Christian D. Bareford, Esquire
    Email: cbareford@attorneygeneral.gov